## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED NATIONAL INSURANCE
COMPANY,

    *Plaintiff*,

v.

CRAIG BROWNING, BROWNING
DEVELOPMENT LLC, BROWNING FBA
LLC f/k/a BROWNING HOMES, LLC, P.
TERRY PRESTA, and KRISTEN PRESTA

    *Defendants*.

Case No. 25-cv-2158-EFM-GEB

## MEMORANDUM AND ORDER

Plaintiff United National Insurance Company ("UNIC") brings this declaratory judgment lawsuit against Craig Browning; Browning Development, LLC; Browning FBA LLC f/k/a Browning Homes, LLC; P. Terry Presta; and Kristen Presta. UNIC seeks a rescission of an insurance policy or, in the alternative, a declaratory judgment establishing that UNIC does not have a duty to defend or indemnify any of the Browning Defendants. Before the Court is the Browning Defendants' Motion to Dismiss, or in the Alternative, Stay (Doc. 11) and the Prestas' Motion to Dismiss, or in the Alternative, Stay (Doc. 12). They contend that the Court should dismiss UNIC's Complaint because the parties will litigate the same issues in a lawsuit that Browning filed in state court against UNIC. For the reasons stated below, the Court denies in part and grants in part both motions. It will not dismiss the case but will instead stay it.

## I.        Factual and Procedural Background[1]

Plaintiff UNIC sold a commercial general liability insurance policy to Browning Homes, LLC ("Browning Homes") with a policy period of March 29, 2022 to March 29, 2023 ("Policy"). On or about February 17, 2022, Craig Browning, by and through his insurance agent Jace Kirk, submitted an application for Browning Homes.[2] Browning Homes is the named insured under the Policy. Browning Development and Browning are not designated as named insureds.

On July 24, 2023, personal counsel for Browning Homes gave notice to Kirk that a claim was being made against Browning Homes. In September 2023, UNIC retained personal counsel for Browning and Browning Development to defend with the agreement that UNIC was not waiving any of its rights or policy defenses. On November 1, 2023, Terry and Kristen Presta filed a Petition in the District Court of Miami County, Kansas against Browning, Browning Development, Baldrige Engineering LLC, and Precision Service Company, Inc. They asserted several claims for defective construction of their new home (the "Construction Defect Action"). Personal counsel retained by UNIC filed a joint answer for Browning and Browning Development to the Petition and filed a cross claim against Precision.

On June 13, 2024, UNIC advised Browning and Browning Development that because neither one of them qualified as insureds under the Policy, it was withdrawing the defense it had been providing effective July 25, 2024. On that date, UNIC withdrew its defense of the Construction Defect Action.

---

[1] The facts in this section are taken from UNIC's Complaint. The Court also sets forth the factual and procedural background of an underlying state court case filed by the Prestas. In addition, the Court considers the facts and procedural background of a related state court case filed by Browning but removed by UNIC to this Court. *See* Case No. 25-2325. The Court will address those cases and the procedural aspects of them in more detail below.

[2] Browning is the sole member of Browning Homes.

On July 30, 2024, with leave of court, the Prestas amended their Petition in the Construction Defect Action and added Browning FBA, LLC f/k/a Browning Homes, LLC ("Browning FBA") as an additional party and added a claim that Browning FBA was the alter ego of Defendants Browning and/or Browning Development (the "Alter Ego Action"). The Prestas alleged that Browning FBA and Browning Development should be treated as the same entity for purposes of the claims asserted in the lawsuit.

Browning, Browning Development, and Browning FBA tendered the Alter Ego Action to UNIC for defense and indemnification on August 19, 2024. On August 28, 2024, UNIC declined to defend Browning Development and Browning, as member/manager of Browning Development, in the Alter Ego Action, but it agreed to defend Browning FBA and Browning, as a member/manager of Browning FBA, subject to a reservation of rights and subject to the right to file a declaratory action seeking rescission of the Policy.

On March 27, 2025, UNIC filed this declaratory action seeking rescission of the Policy, and a declaration that (1) Browning and Browning Development are not insureds on the policy, (2) there is no coverage for Browning and Browning Development, (3) Browning and Browning FBA are not insureds with respect to the conduct of Browning Development, and (4) there is no coverage for Browning and Browning Homes. On that same date, UNIC advised Browning Homes that it was rescinding *ab initio* the Policy and that it was returning all the premiums paid to UNIC.

In the Alter Ego Action, arbitration was held on March 31, 2025, in front of the Honorable Judge Edward Sweeney. At the conclusion of arbitration, Judge Sweeney found in favor of the Prestas and against Browning and assessed damages in the amount of $2,002,887.80. The arbitration award was confirmed on April 28, 2025, and judgment was entered against Browning.

On May 29, 2025, Browning filed a Petition in Miami County, Kansas (the "Browning State Court Action"), asserting three claims. Browning asserts two claims against UNIC: (1) breach of contract – bad faith failure to defend, and (2) bad faith refusal to settle. As to the first claim, Browning alleges that the policy provides coverage for the underlying claims against him, and no exclusion bars coverage. He contends that UNIC's actions and omissions were deliberate choices and a breach of the insurance policy. As to the second claim, Browning alleges that the policy grants to UNIC the exclusive right to contest or settle any claim. He alleges that UNIC had a duty to engage in good faith in settling any claim against Browning and had a duty to protect Browning's financial interests. He claims that UNIC breached its obligation of good faith and fair dealing and acted in bad faith in numerous ways. Browning also asserts a claim of negligent misrepresentation against Jace Kirk, the insurance agent.

On May 30, 2025, the Browning Defendants filed a Motion to Dismiss in this case. They argue that the Court should dismiss, or in the alternative, stay UNIC's declaratory judgment action because the parties will litigate the same issues in the Browning State Court Action. The Prestas also filed a Motion to Dismiss adopting and incorporating by reference the Browning Defendants' arguments.

After the Motions to Dismiss were filed in this case, UNIC removed the Browning State Court Action to this Court on June 16, 2025, on the basis of diversity jurisdiction.[3] UNIC acknowledged that Browning and Kirk were both citizens of Kansas but argued that Kirk's Kansas citizenship should be disregarded for jurisdictional purposes because Browning could not state a claim against Kirk, and thus Kirk was fraudulently joined. In the removed case, Browning filed a motion to remand that the Court recently granted determining that Browning's claim against Kirk

---

[3] Case No. 25-2325.

was valid,[4] and thus the Court lacked diversity jurisdiction. Thus, the Browning State Court Action has now been remanded to state court.

The Court now turns to the Motions to Dismiss filed by the Browning Defendants and the Prestas.

## II.    Legal Standard

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration . . . ."[5] As is evident from the above language, this act, unlike other statutory authorizations, "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[6] "[T]he normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."[7] Consequently, in a case where declaratory judgment is sought, if the court determines that the claim "can better be settled in the proceeding pending in the state court," it should either dismiss or stay the proceeding.[8]

It is within the Court's discretion when deciding whether to exercise jurisdiction over a declaratory judgment action.[9] Declaratory judgment actions are particularly appropriate for

---

[4] *Id.*, Doc. 21. The Court notes that Kirk did not (1) join in the notice of removal, (2) file a motion to dismiss, or (3) file a response to Browning's motion to remand.

[5] 28 U.S.C. § 2201(a) (emphasis added).

[6] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

[7] *Id.* at 288.

[8] *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *United States v. City of Las Cruces*, 289 F.3d 1170, 1192 (10th Cir. 2002).

[9] *Ortiz v. Biscanin*, 190 F. Supp. 2d 1237, 1245 (D. Kan. 2002) (citations omitted).

situations in which insurance companies seek a declaration of their liability."[10] A federal court, however, "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding."[11]

District courts are to consider five factors, as articulated in *State Farm Fire & Casualty Company v. Mhoon*,[12] when determining whether it should exercise its discretion over a declaratory judgment action.[13] These factors include:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.[14]

## II.    Analysis

The Court must first address the procedural status of the related Browning State Court Action (Case No. 25-2325 in this Court). When the Browning Defendants and the Prestas filed their Motions to Dismiss in this case, the Browning State Court Action was proceeding in state court. When UNIC filed its responses to the Motions to Dismiss on June 20, it had removed the Browning State Court Action to this Court four days earlier on the basis that Browning had fraudulently joined Defendant Jace Kirk in that action. Thus, UNIC made arguments in this case as though the Browning State Court Action would continue to proceed in this Court.[15] When the

---

[10] *Nationwide Affinity Ins. Co. of Am. v. Kalb*, 2022 WL 17735542, at *4 (D. Kan. Dec. 16, 2022) (citations omitted?).

[11] *Id.* (citing *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995)).

[12] 31 F.3d 979 (10th Cir. 1994).

[13] *Id.* at 983.

[14] *Id.* (citing *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)).

[15] Several of UNIC's arguments centered on the fact that the Browning State Court Action had been removed to this Court, and the Court could consolidate the two matters.

Browning Defendants filed their reply, they argued that fraudulent joinder did not occur and noted that they were going to file a motion to remand the Browning State Court Action to state court, which they did on July 16. The Prestas also filed a reply addressing UNIC's arguments and stating that it adopted the Browning Defendants' arguments.

The Court recently considered Browning's motion to remand in Case No. 25-2325 (the Browning State Court Action) as the disposition of whether that case should be remanded to state court or remain in this Court was an important factor to this case. Ultimately, the Court determined that Kirk was not fraudulently joined, and thus the Court lacked jurisdiction and remanded the Browning State Court Action to state court. Thus, the current procedural posture of the two cases is that the Browning State Court Action was remanded and will proceed in state court, and UNIC's declaratory judgment action is proceeding in this Court. The Court will now address the pending Motions to Dismiss.

**A.    The Browning Defendants' Motion to Dismiss (Doc. 11)**

In this case, UNIC seeks a declaration that its insurance contract should be rescinded and that it has no duty to defend or indemnify any of the Browning Defendants. The Browning Defendants argue that UNIC's declaratory judgment action should be dismissed, or stayed, because the Browning State Court Action will conclusively resolve the issues between the same parties. Applying the *Mhoon* factors, the Court finds dismissal is inappropriate, but an order staying this declaratory judgment action pending resolution of the Browning State Court Action is proper.

As noted above, there are five factors for district courts to consider when determining whether to exercise jurisdiction over a declaratory judgment action.[16] The first *Mhoon* factor considers whether the declaratory judgment action would settle the controversy. This declaratory judgment action seeks to determine whether UNIC's insurance policy should be rescinded and whether UNIC has a duty to defend or indemnify under the policy. Thus, it will settle the controversy between UNIC and the Browning Defendants. However, the Browning State Court Action also requires a determination of whether coverage exists for Browning under the insurance policy. Browning brings a bad faith breach of contract claim against UNIC which will require a determination of whether a valid contract exists between Browning and UNIC and/or whether Browning was covered by the insurance policy. Thus, the Browning State Court Action will settle the controversy between Browning and UNIC.

As UNIC points out, however, the Browning State Court Action does not include all the Browning Defendants that are included in this case as the Browning State Court Action only includes Browning. Thus, the parties are not the same in each lawsuit. A central question in both cases, however, is whether Browning, as member and manager of Browning Homes, is covered by the insurance policy. The Court will discuss this consideration in more detail in conjunction with the fourth *Mhoon* factor. As to the first *Mhoon* factor, the Court finds that this factor weighs

---

[16] *Mhoon*, 31 F.3d at 983. The Browning Defendants also set forth three factors from the United States Supreme Court's opinion in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942), when first addressing whether the Court should exercise jurisdiction over UNIC's declaratory action. *See* Doc. 11 at 4–7 (citing *Brillhart*, 316 U.S. 491). The *Brillhart* doctrine is often invoked "[w]hen the issue of contemporaneous state and federal parallel proceedings is raised in a federal declaratory judgment action." *Springer v. Thomas*, 2015 WL 2449579, at *6 (D. Kan. May 22, 2015) (citing *Wilton*, 515 U.S. at 286–87). The three *Brillhart* factors include: "(1) whether the claims of all parties can be satisfactorily adjudicated in the state proceeding; (2) whether the necessary parties have been joined in the state proceeding; and (3) whether such parties are amenable to process in the state proceeding." *Ortiz*, 190 F. Supp. 2d at 1245 (quoting *Wilton*, 515 U.S. at 282). UNIC did not address the *Brillhart* factors in its response, presumably because it had removed the state court action to this Court so there was no contemporaneous state proceeding. The Court finds it unnecessary to specifically address the *Brillhart* factors separate from the *Mhoon* factors because the *Brillhart* factors are primarily subsumed in the *Mhoon* factors.

slightly in favor of exercising jurisdiction because the declaratory judgment action would settle the controversy as to UNIC's duty to defend or indemnify the Browning Defendants.

The second *Mhoon* factor determines whether the declaratory judgment action serves a useful purpose in clarifying the legal relations at issue. "Courts have recognized that because an insurer has a duty to defend, as well as a duty to conduct settlement negotiations and to pay any settlement amount or judgment entered against its insured, a declaratory judgment action is appropriate to clarify legal relationships prior to final adjudication of an underlying action."[17] In this case, UNIC seeks this Court's determination that the insurance contract should be rescinded and that it has no duty to defend or indemnify any of the Browning Defendants. Thus, a determination in this case would clarify the legal relations at issue, and thus the second *Mhoon* factor weighs in favor of exercising jurisdiction.

The third *Mhoon* factor considers whether the parties are engaging in "procedural fencing."[18] Although "accusations of procedural fencing typically involve questionable actions on the part of the party seeking a declaratory judgment, the analysis can also be used to examine the motives of state court plaintiffs."[19] Both UNIC and the Browning Defendants contend that the other party is engaged in procedural fencing.

UNIC contends that after the parties engaged in an unsuccessful mediation in the Alter Ego Action, it filed this declaratory judgment action. After the filing of the declaratory judgment action, the Prestas and Browning, without notice to UNIC, participated in an arbitration hearing in state

---

[17] *Zurich Am. Ins. Co. v. Terrazas*, 2020 WL 2849895, at * 4 (D. Kan. June 2, 2020) (quotation marks and citation omitted).

[18] *Mhoon*, 31 F.3d at 983; *see also Runyon*, 53 F.3d at 1170 (noting that "[a] district court may choose to avoid a declaratory judgment action because the plaintiff is using the action for procedural fencing.").

[19] *Mid-Continent Cas. Co. v. Village at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 984 (10th Cir. 2012) (citing *Runyon*, 53 F.3d at 1170)).

court related to the Alter Ego Action, in which the state court judge ultimately entered judgment in favor of the Prestas and against Browning. The day before the agreed upon date for the Browning Defendants and the Prestas to file their responses to this declaratory judgment action, Browning filed the Browning State Court Action in state court against UNIC and Jace Kirk. Then, the Browning Defendants and the Prestas moved to dismiss, or stay, this case. UNIC contends that all these actions demonstrate procedural fencing by the Browning Defendants.

After the Browning State Court Action was filed, UNIC removed it to this Court contending that Browning fraudulently joined Kirk to defeat diversity jurisdiction. The Browning Defendants assert that UNIC is engaged in procedural fencing by improperly removing the Browning State Court case to this Court. They also state that the arbitration in the Alter Ego Action was expressly limited to the underlying liability and that it was appropriate to first arbitrate liability in state court and then file a state court case (Browning State Court Action) asserting a bad faith and coverage claim after the state court determined liability. In addition, they argue that the bad faith and coverage claim is more appropriate in state court due to the state court arbitrating the underlying liability and because Browning asserts a valid claim against Kirk.

The Court acknowledges that there appears to be some procedural irregularities, and there may be some degree of procedural fencing on behalf of both sides.[20] The Court, however, finds it unclear as to which party is engaged in procedural fencing. Furthermore, it is unclear if the parties are engaged in procedural fencing or are instead simply exercising their legal rights, albeit in a contrary manner to each other. Thus, the Court finds that the third factor cannot be decided either way, and the third factor is neutral.

---

[20] The Court notes that it previously determined that Browning adequately stated a claim against Kirk, and thus Kirk was not fraudulent joined in the Browning State Court action.

The fourth *Mhoon* factor directs the Court to consider whether exercising jurisdiction over a federal declaratory judgment action would cause unnecessary entanglement and friction between the state and federal courts. Decisions from the District of Kansas have previously found this factor to be the most significant to the analysis of whether the Court should exercise its jurisdiction.[21] Indeed, those decisions have determined that even if the four other factors weigh in favor of exercising jurisdiction, this factor by itself may outweigh those other factors.[22] Here, the exercise of jurisdiction would likely cause friction between this Court and the state court, and thus this factor weighs against exercising jurisdiction.

Contract interpretation is generally a matter of state law.[23] Both this action and the Browning State Court Action require interpretation of and factual issues relating to the same insurance policy. In this case, UNIC seeks a declaration that its insurance contract should be rescinded and that it has no duty to defend or indemnify any of the Browning Defendants. In the Browning State Court Action, Browning asserts two claims against UNIC including (1) bad faith failure to defend, and (2) bad faith refusal to settle. He alleges that the insurance contract provides coverage for the underlying claims and no exclusion bars coverage, and thus UNIC's actions were in bad faith and in breach of the insurance policy. In addition, he alleges that UNIC had a duty to protect Browning's financial interests in settling any claims brought against Browning and that UNIC breached this obligation and acted in bad faith in numerous ways.

---

[21] *State Farm Fire & Cas. Co. v. Nichols*, 2024 WL 776104, at *5–6 (D. Kan. Feb. 26, 2024); *see also Terrazas*, 2020 WL 2849895, at *5.

[22] *Nichols*, 2024 WL 776104, at *5–6 (stating that "although the Court finds factor four to be the only factor weighing in favor of declining to exercise jurisdiction and granting the stay . . . the Court finds this factor to be the 'most significant.'") (citing *Kalb*, 2022 WL 17735542, at *6); *see also Terrazas*, 2020 WL 2849895, at *5 (noting the fourth *Mhoon* factor to be the "most significant").

[23] *See Union Ins. Co. v. Medoza*, 405 F. App'x 270, 274 (10th Cir. 2010).

UNIC argues that any decision in the Browning State Court Action would not have applicability to all parties in the instant matter.[24] But a decision in the Browning State Court Action will involve the critical issue of whether Browning was an insured under the policy and will be applicable to Browning. Furthermore, UNIC's defense to Browning's bad faith claim will likely be that it had no duty to defend nor indemnify Browning and thus did not act in bad faith. The question of coverage for Browning under the insurance policy is a central issue in both cases. "A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding."[25] Furthermore, "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law."[26] Accordingly, the fourth *Mhoon* factor weighs against exercising jurisdiction.

Finally, the fifth *Mhoon* factor considers whether there is an alternative remedy which is better or more effective.[27] In *Zurich American Insurance Company v. Terrazas*,[28] the District of Kansas noted that an alternative remedy is to stay the declaratory judgment action pending the outcome of the state court case.[29] The staying of the declaratory judgment action pending disposition of the state court case "would allow for full and fair litigation of the factual issues presented [in state court] while allowing this court to retain and exercise jurisdiction over the

---

[24] UNIC also contends that because the Browning State Court Action was removed, it could be consolidated with this case. However, as noted above, the Browning State Court Action was remanded to state court and thus consolidation of the two cases in this Court is not an option.

[25] *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989) (citations omitted).

[26] *Brillhart*, 316 U.S. at 495.

[27] *Mhoon*, 31 F.3d at 983.

[28] 2020 WL 2849895 (D. Kan. June 2, 2020).

[29] *Id.* at *7.

coverage disputes that have been properly presented."[30] Thus, because there is the alternative remedy of staying this action, the fifth factor weighs in favor of exercising jurisdiction but staying the matter until the state court proceeding is finished.[31]

In sum, after consideration of all the factors, the majority of them weigh in favor of exercising jurisdiction. However, the biggest factor—whether the exercise of jurisdiction over this federal declaratory judgment action would cause unnecessary entanglement and friction with the state court—weighs against exercising jurisdiction. Thus, the Court concludes that the alternative remedy of staying this case pending the disposition of the Browning State Court Action is appropriate. Accordingly, the Court denies the Browning Defendants' Motion to Dismiss but grants their alternative request to stay the case.

## B.    The Prestas' Motion to Dismiss (Doc. 12)

The Prestas also filed a Motion to Dismiss, primarily adopting and incorporating by reference, the Browning Defendants' Motion to Dismiss. They additionally stated that they would be actively intervening in the Browning State Court Action to assert a petition for equitable garnishment. UNIC argues that the Prestas' arguments for dismissal are without merit because they are not parties in the Browning State Court Action.

The procedural posture of the cases, however, has significantly changed since the filing of UNIC's response. For one, the Prestas were allowed to intervene in the Browning State Court

---

[30] *Id.*

[31] Even if all factors weighed against exercising jurisdiction, the Court must still determine whether dismissal or a stay is appropriate. *City of Las Cruces*, 289 F.3d at 1192 (noting that the district court must determine whether a stay or dismissal is appropriate in the declaratory judgment context). A stay may be appropriate if there is the possibility of the state court case not resolving all of the federal claims, there is a significant possibility of delay or other procedural inadequacies in the state court proceedings, or there is a possibility of a time bar in federal court. *Id.* Here, there is the possibility that this action will be time barred when the state action concludes and the possibility that the state court case does not resolve the coverage issues as to all the Browning Defendants.

Action (both in state court and federal court), and thus they are parties in that case. Second, as noted above, the Browning State Court Action was remanded to state court.

The Court also notes that UNIC's Complaint does not appear to state a specific claim against the Prestas. Although the Prestas are named as Defendants, the primary dispute is whether UNIC has a duty to defend or indemnify the Browning Defendants with regard to the Prestas' underlying state claims and/or judgment the Prestas obtained against Browning. Regardless, the same *Mhoon* factors addressed above would be applicable here. After weighing the factors, the alternative remedy of staying this case pending the disposition of the Browning State Court Action is appropriate. Thus, the Court denies in part and grants in part the Prestas' Motion to Dismiss because the Court will stay the case rather than dismiss it.

**IT IS THEREFORE ORDERED** that the Browning Defendants' Motion to Dismiss (Doc. 11) is **GRANTED IN PART and DENIED IN PART**. The Court declines to dismiss the case but instead enters a stay until the conclusion of the Browning State Court Action.

**IT IS FURTHER ORDERED** that Defendant Prestas' Motion to Dismiss (Doc. 12) is **GRANTED IN PART** and **DENIED IN PART**. The Court declines to dismiss the case but instead enters a stay until the conclusion of the Browning State Court Action.

The parties are directed to file status updates with this Court as to the Browning State Court Action every 90 days.

**IT IS SO ORDERED.**

Dated this 12th day of December, 2025.

*Eric F Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE